# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:19-CR-00160-MAC** |
| **v.** § | |
| § | |
| § | |
| **CHAD VINCENT MORRIS** § | |
| § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 2, 2021, alleging that the Defendant, Chad Vincent Morris, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Chad Morris was sentenced on October 30, 2020, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to Count 3 of the Indictment: Making a Threat to Damage or Destroy Property by Means of Fire or Explosive, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Morris was subsequently sentenced to an imprisonment term of 12 months and 1 day, followed by a 3 year term of supervised release, subject to the standard conditions of release plus special conditions to include 30 days in a residential reentry center (RRC); location monitoring for a period

of 3 months following release from home confinement; home detention; financial disclosure; no alcoholic beverages; substance abuse testing and treatment; and mental health treatment.

## II.  The Period of Supervision

On November 10, 2020, Morris completed his period of imprisonment and began service of the supervision term.  On November 19, 2020, a Petition for Warrant or Summons for Offender Under Supervision (Doc. No. 43) was filed, and Morris made an initial appearance on December 10, 2020, before a U.S. Magistrate Judge.  However, that petition was subsequently terminated as moot after all parties agreed to a modification of the conditions to replace the initial special conditions for location monitoring and home detention with 180 days in a RRC.  On December 15, 2020, Judge Crone signed an order (Doc. No. 47) approving the modification.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations.  The petition alleges that Morris violated the following conditions of release:

> Allegation 1. The Defendant must refrain from any unlawful use of a controlled substance.
>
> Allegation 2. The Defendant  must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately and shall abide by the rules and regulations of the facility.
>
> Allegation 3. The Defendant must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
>
> Allegation 4. After initially reporting to the probation office, the Defendant will receive instructions from the court or the probation officer about how and when he must report to the probation officer.  The Defendant must report to the probation officer as instructed.
>
> Allegation 5. The Defendant must follow the instructions of the probation officer related to the condition of supervision.

<u>Allegation 6.</u> The Defendant shall pay to the United States a special assessment of $100.00 for Count 3, which shall be due immediately

## IV.  Proceedings

On March 25, 2021, the undersigned convened a hearing to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from the unlawful use of a controlled substance.   In return, the parties agreed that he should serve a term of 6 months' imprisonment, which includes 97 days' unserved community confinement, with two years of supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from the use a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

intermittent confinement may be converted to an equivalent period of imprisonment. As of March 11, 2021, Mr. Morris has 97 days of unserved community confinement.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 3 years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 6 months (which includes 97 days of unserved community confinement converted to an equivalent term of imprisonment), with two years of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to refrain from the unlawful use of a controlled

substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to 6 months' imprisonment (which includes 97 days of unserved community confinement converted to an equivalent term of imprisonment), with two years of supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Beaumont, Texas. The Defendant's request should be accommodated, if possible.

In addition to the mandatory and standard conditions of supervised release, the same special conditions orally pronounced by the undersigned at the final revocation hearing shall be imposed. The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 30th day of March, 2021.

_____
Zack Hawthorn
United States Magistrate Judge