IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br>vs.<br><br>CHAD VINCENT MORRIS,<br><br>   Defendant. | No. 1:19-CR-160 (MAC) |

## REPORT AND RECOMMENDATION

Before the court is Defendant, Chad Vincent Morris' *pro se* motion to modify his term of imprisonment (Doc. No. 71). Morris asks the court to credit him with sixty days of "good time" to effectively reduce his term of imprisonment.

## I. BACKGROUND

Morris was sentenced on October 30, 2020, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Making a Threat to Damage or Destroy Property by Means of Fire or Explosive, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Morris was subsequently sentenced to 12 months and 1 day, followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include 30 days in a residential reentry center (RRC); location monitoring and home detention for a period of 3 months following release from the RRC; financial disclosure; no alcoholic beverages; substance abuse testing and treatment; and mental health treatment.

On November 10, 2020, Morris completed his period of imprisonment and began service of the initial supervision term in this case. On April 5, 2021, Morris' term of supervision was revoked and he was sentenced to 6' months imprisonment followed by a 2 year term of supervised release, subject to the standard conditions of release plus special conditions to include financial disclosure, no alcoholic beverages; substance abuse testing and treatment, and mental health treatment. On August 9, 2021, Morris completed the period of imprisonment and began service of the supervision term. A Petition to Revoke Morris' supervised release for the second time was filed on February 10, 2022. (Doc. No. 61.) On March 28, 2022, Morris' supervised release was again revoked, and he was sentenced to six months' imprisonment.

## II.  RECOMMENDED DISPOSITION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks and citation omitted); *see also* 18 U.S.C. §§ 3582(b), (c). Morris has not advanced a potentially viable claim that would qualify under these narrow exceptions. Therefore, the Defendant's request (Doc. No. 71) should be denied.

## III.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a de novo

determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge